# Kelley *versus* Tibbals.

1. Tibbals issued an attachment execution on his judgment against Kelley, and by the report of an auditor in the proceeding received part of his judgment. In a scire facias for the balance, it was not competent for Kelley to prove that, by agreement between the garnishee and Tibbals without authority of Kelley or notice to him, the property attached was sold at private sale for half its value.

2. The proceedings against the garnishee were judicial; the creditor stood in the place of the debtor and represented him, and the effect of the attachment was to substitute the creditor for the debtor.

3. The creditors taking judgment against the garnishee for the amount he confessed, proceeding by an auditor to distribute the sum, with the decree of the court affirming the report concluded that proceeding, unless re-opened by a writ of error or other direct assault; it cannot be overhauled collaterally.

4. If the garnishee had fraudulently sold the property for less than its value, and the creditor had been a party in the fraud, he would be liable in damages to the debtor; but as an unascertained liability it could not be set off against the judgment.

ERROR to the Court of Common Pleas of *Erie county*.

In the court below this was an amicable scire facias on two judgments, Charles M. Tibbals against William Kelley, considered in the same, proceeding by consent. The agreement for the entering of the scire facias was filed August 24th 1865.

[Kelley *v.* Tibbals.]

The judgments had been originally entered to August Term 1856, one for $355.53 and the other for $315.

Attachment executions had been issued on them, as well as on judgments of other creditors of Kelley, and judgment obtained against Neiler & Warren, the garnishees, that they had in their hands $1334.25 liable to the attachments. An auditor appointed to make distribution of this fund awarded $226.90 to Tibbals, on account of his judgments.

On the trial of this scire facias the defendant offered to prove that stocks and bonds exceeding $14,000 were attached under the execution process, and by the connivance of the garnishees and Tibbals, they were converted to their own use, to the defendant's prejudice, and, but for which there would have been sufficient to satisfy the plaintiff's judgments if disposed of according to law.

Also, that Neiler & Warren held $14,000 of securities in their hands of Kelley's, as collateral security for the payment of $2000 he owed them, which were the same that were attached on the execution process in their hands. That by an agreement between Neiler & Warren and Tibbals, they were sold at *private sale, without authority from Kelley* or *notice* to him, for less than one-half their marketable value, and therefore the plaintiff's claim was discharged.

The offer was objected to and rejected, the court (Derrickson, A. J.) saying:—

"It having been referred to an auditor, to make distribution of the amount for which Tibbals obtained judgment against the garnishees; and this report having been confirmed and acted upon by those in interest, and no charge of record appearing, it is clear that we cannot in this collateral manner review what was done."

The plaintiff obtained a verdict for $936.74. The rejection of the evidence was assigned for error.

*J. C. & F. F. Marshall*, for plaintiffs in error.—Kelley was no party to the proceedings in the attachment, and is not concluded by them. It was not proposed to review the proceedings, but to show that the plaintiff by his acts had received satisfaction: Hunt *v.* Breading, 12 S. & R. 37 ; Taylor's Appeal, 1 Barr 393.

*B. Grant*, for defendant in error.—The evidence was not set off, for there was no mutuality. Kelley could have sustained no suit against Tibbals for what it is alleged he had done.

On the admission of the evidence, the question as to the amount of Kelley's injury would have arisen, and it would have involved the inquiry to assess the damages between them.

The opinion of the court was delivered, January 7th 1867, by

[Kelley *v.* Tibbals.]

WOODWARD, C. J.—Tibbals sought to revive his two judgments against Kelley, for the balance due. The defendant Kelley offered to show, under what I suppose was a plea of payment, though we are not informed by paper-books what the plea was, that Neiler & Warren held $14,000 of Kelley's securities in their hands as collateral security for a debt of $2000, which he owed them, that these securities were attached by the execution process issued by Tibbals on these judgments, and by agreement between Neiler & Warren and Tibbals were sold at private sale without authority from Kelley or notice to him, for less than one-half of their marketable value, " and therefore," says the written offer, " the plaintiff's claim was discharged."

If I understand the philosophy of this proposition, it is that the misuse by Neiler & Warren of Kelley's securities in their hands, with the cognisance and consent of Tibbals, amounted to payment of Tibbals' judgment against Kelley. Or in another way, Tibbals having attached these securities, which were more than sufficient to discharge the lien of Neiler & Warren and to pay his judgments, they were payment till legally disposed of, and instead of a legal disposition of them they were fraudulently converted.

The court rejected the offer, on the ground that it had been referred to an auditor to make distribution of the amount for which Tibbals obtained judgment against the garnishees, and that his report had been confirmed and acted upon by those in interest, and was conclusive in this collateral proceeding.

It appears that on the same day Tibbals issued his attachment-executions sundry other creditors of Kelley also issued attachments, all of which attachments were laid upon the securities in the hands of Neiler & Warren, subject to their lien of $2000, and, although the fact is not stated, it is inferable that the sale of the securities by Neiler & Warren was with the acquiescence of all these creditors as well as of Tibbals. The sale of the securities by Neiler & Warren produced $3334.25, which, after paying their lien, left $1334.25 in their hands, which, in answer to interrogatories, they confessed, and judgment was taken against them for that amount. The auditor distributed $266.90 of this sum to Tibbals, and the balance to the other attaching creditors. Tibbals then issued these scire faciases to revive his judgments for the balance due him.

If Neiler & Warren fraudulently converted the securities at less than their market value, they are liable in damages to Kelley, and if Tibbals was a party with them in the fraud he also would be liable, but how is this unascertained liability to be set off against these judgments? The attempt is to set off unliquidated damages against a debt of record, and damages too resulting out

[Kelley v. Tibbals.]

of another contract than that on which the judgments were founded. Whatever the pleadings, this could not be done.

But the ground on which the court rejected the evidence is broad enough for the case to stand upon. The proceedings against the garnishees were judicial proceedings, in which Tibbals and the other attaching creditors stood in the place of and represented Kelley, for the effect of the attachments was to substitute them for Kelley. The creditors took judgment against the garnishees for the amount they confessed. That was conclusive in that proceeding. They might have had an issue, and tried the liability of the garnishees for a larger sum than they confessed, but accepting their answer as true, taking a judgment for the amount confessed, proceeding by an auditor to distribute that sum, and obtaining the decree of the court affirming that distribution, wound up and concluded that proceeding for ever, unless reopened by writ of error or other direct assault.

These scire faciases are another and a collateral proceeding, and the proceedings had upon the attachment-executions cannot be overhauled collaterally. The court were right in rejecting the evidence.

The judgment is affirmed.